**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Albert Tellez, Jr., | No. CV-21-01057-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is Petitioner Joseph Albert Tellez, Jr.'s Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc.10), which seeks relief from Petitioner's 2017 conviction and sentence for attempted aggravated assault. Tellez was convicted by a jury in Maricopa County Superior Court of three counts of attempted aggravated assault and sentenced to a total of fourteen years in prison after he pointed a gun at several persons and shot a victim who later died. *See State v. Tellez*, 2018 WL 4374620, at *1 (Ariz. Ct. App. Sept. 11, 2018). A Report and Recommendation ("R&R") produced by Magistrate Judge Michelle H. Burns recommends Tellez's petition be denied. (Doc. 22). The Court finds the R&R accurately recounts the facts and the law, and it will be adopted in full.

**BACKGROUND**

On March 2, 2013, Tellez and a friend arrived uninvited to a barbeque held by the cousin of Tellez's friend. *See Tellez*, 2018 WL 4374620, at *1. No one at the barbeque had met Tellez before, and although Tellez and his friend were not invited, the host gave each of them a beer. *Id.* Tellez got into an argument with a person at the barbeque, who

challenged Tellez to a fight. *Id.* Others attempted to defuse the situation, but Tellez shot the victim. *Id.* Tellez then retreated while pointing his gun at three persons. *Id.* The victim died of a single gunshot wound to the chest. *Id.*

Tellez was charged with second degree murder, three counts of endangerment, three counts of attempted aggravated assault, disorderly conduct, and misconduct involving weapons.[1] *Id.* He pled not guilty. *Id.* Three eyewitnesses, a crime scene specialist who worked the crime scene, and a DNA analyst who processed buccal swabs from the crime scene testified against Tellez at trial. *Id.* The jury found Tellez guilty of the three attempted aggravated assault charges, and found that each constituted a dangerous felony, but acquitted him of second degree murder. *Id.* The State then dismissed the remaining charge for misconduct involving a weapon. *Id.* Tellez was sentenced to a term of seven years for each count of attempted aggravated assault, with two counts to run concurrently and one consecutively, for a total of fourteen years imprisonment. *Id.*

On direct appeal, Tellez's counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). Tellez filed a supplemental brief pro per, arguing his conviction and sentence were unlawful for several reasons. (Doc. 22 at 3). The Arizona Court of Appeals affirmed the convictions and sentences on September 11, 2018. *See Tellez*, 2018 WL 4374620. Tellez filed a motion for reconsideration, which was denied. (Doc. 22 at 3).

On November 20, 2018, Tellez initiated state post-conviction relief ("PCR") proceedings, raising two grounds for relief. (Doc. 22 at 3). First, he argued the trial court imposed an illegal sentence in violation of the Fifth Amendment's Double Jeopardy Clause by ordering that his sentence for the last count of attempted aggravated assault be served consecutively with the other two sentences. (Doc. 22 at 3). Second, he asserted trial and appellate counsel were ineffective because they did not raise the first issue. (Doc. 22 at 3). Tellez also attempted to file a pro per supplemental petition arguing he requested counsel raise several more issues and moved for DNA testing of a beer can that was used at trial to convict him. (Doc. 22 at 4). The court denied the supplemental petition as an improper

---

[1] The endangerment and disorderly conduct charges were dismissed prior to trial. *See Tellez*, 2018 WL 4374620, at *1.

pro se communication from a represented party. (Doc. 22 at 4).

Tellez's PCR petition was denied by the state court on May 7, 2019. (Doc. 22 at 4). Tellez appealed, arguing that the court erroneously applied the rules of criminal procedure to preclude his claims, his sentence violated the federal and state constitutions, and the denial of his petition unconstitutionally abrogated his federal constitutional rights because he was prohibited from bringing his constitutional challenges. (Doc. 22 at 4). Tellez again attempted, before both the trial and appellate courts, to file supplemental petitions for review. (Doc. 22 at 4). The trial court construed the petition as a motion for rehearing and denied the motion, while the appellate court struck the petition on the ground that Tellez "may not file pleadings on his own behalf while he is represented by counsel." (Doc. 22 at 4) (citing *State v. Dixon*, 226 Ariz. 545, 553 (2011)). The Arizona Court of Appeals ultimately issued a decision granting review of Tellez's petition but summarily denying relief. *See State v. Tellez*, 2020 WL 734228 (Ariz. Ct. App. Feb. 13, 2020). Tellez petitioned for review by the Arizona Supreme Court and, when the petition was denied, filed a "Motion to Reconsider, Petition for Review, De Novo Inter Alia Hybrid Counsel, Writ of Coram Nobis, Writ of Error," which was denied as an improper filing. (Doc. 22 at 4-5).

On June 14, 2021, Tellez filed a Petition for Writ of Habeas Corpus in this Court, (Doc. 8), which was subsequently amended, raising seven grounds for relief. (Doc. 10). In ground one, Tellez argues his Fourth, Fifth, Sixth, and Fourteenth Amendment[2] rights were violated when his trial counsel, without his approval, argued a self-defense theory against his wishes, which required conceding facts contrary to his claim of innocence. (Doc. 10 at 11-22). The second and third grounds assert insufficient evidence to support Tellez's convictions for attempted aggravated assault. (Doc. 10 at 23-30). Ground four contends the indictment against Tellez violated the Fifth Amendment's Double Jeopardy Clause, because it charged him with multiple offenses for a single act. (Doc. 10 at 31-36). Ground five argues his constitutional rights were violated when trial counsel failed to

---

[2] Tellez argues that each of the seven grounds constitutes a violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments. *See, e.g.*, (Doc. 10 at 11, 27, 31, 37).

investigate and object to the DNA evidence used against him.  (Doc. 10 at 37-44).  In ground six, Tellez argues both that his constitutional rights were violated when the police used improper identification techniques, and that his trial counsel's decision to pursue a justification defense resulted in the loss or tampering of exculpatory evidence. (Doc. 10 at 45-51).  Finally, Tellez argues Phoenix Police lacked jurisdiction to arrest him at his home in Avondale, arrested him without a warrant, failed to timely read his *Miranda* rights, and interrogated him without an attorney present despite his request for one.  (Doc. 10 at 52).  Respondents argue each ground is untimely, procedurally defaulted, and/or without merit. (Doc. 19).

Tellez's objection to the R&R, entitled "Motion of Requested Specific Objections," argues Tellez is entitled to habeas relief because he "has complied with all rules applying to the remedies that can be provided by" habeas courts, and asks the Court to narrowly construe the Antiterrorism and Effective Death Penalty Act ("AEDPA") to avoid procedural default and reach the merits of Tellez's claims.  (Doc. 23 at 5-7).

**ANALYSIS**

AEDPA provides that a federal court shall not grant habeas relief to any claim adjudicated on the merits in state court, unless the state court decision was (1) contrary to, or an unreasonable application of, federal law clearly established by the U.S. Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).  A state court's decision is "contrary" to clearly established law if "the state court applies a rule that contradicts" law established by the Supreme Court, or if the state court reaches a result different from a Supreme Court precedent despite "materially indistinguishable" facts.  *See Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To bring a habeas claim in federal court, a petitioner ordinarily must exhaust available state court remedies.  *See* 28 U.S.C. § 2254(b)(1).  To exhaust state court remedies in Arizona, a petitioner must fairly present the claims to the Arizona Court of Appeals by properly pursuing them through direct appeal or PCR proceedings.  *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).  "To 'fairly present' his federal claim to the state

courts, [Petitioner] had to alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). "The mere similarity between a claim of state and federal error," and "general appeals to broad constitutional principles . . . are insufficient to establish exhaustion." *Id.* A federal habeas court generally also may not review a claim if the state court's decision rests upon an independent and adequate state ground, such as a decision denying relief due to a failure to comply with mandatory state procedural rules. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Moreover, the procedural bar doctrine applies where state procedural rules would make resort to a state court to exhaust unexhausted claims futile. *See id.* at 735 n.1. In Arizona, this means claims not presented to state courts on direct appeal or via PCR proceedings are usually barred because the Arizona Rules of Criminal Procedure preclude most successive petitions. *See* Ariz. R. Crim. P. 32.2, 33.2. A habeas court may only review a procedurally defaulted claim if a petitioner can demonstrate cause for the default and prejudice resulting therefrom, or by showing actual innocence. *See Coleman*, 501 U.S. at 750-51; *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000).

### I. Ground One is Procedurally Defaulted

The first ground raised in the amended petition argues Tellez's rights were violated when his trial counsel pursued a self-defense theory against Tellez's wishes, thereby admitting facts used to convict him. (Doc. 10 at 11-14). The R&R recommends the Court find this claim procedurally defaulted because the "record reflects that Petitioner never raised" the claim on direct appeal or in a PCR proceeding, and he is barred from returning to state court. (Doc. 22 at 12). Upon a review of the record, the Court agrees this theory was not fairly presented to the state courts, and that a successive petition is precluded pursuant to Arizona Rule of Criminal Procedure 32.2.

Tellez has demonstrated neither cause and prejudice nor actual innocence to excuse the procedural default. Tellez has not identified a cause for the procedural default or

explained how he was prejudiced, and he has not offered any evidence to pass through the *Schlup* actual innocence gateway. *See Schlup*, 513 U.S. 298, 316 (1995) ("[I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial . . ., the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim."); *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986).

Moreover, although ground one, liberally interpreted, alleges ineffective assistance of counsel, which could establish cause for a procedural default, *see Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (citation omitted), the Court agrees with the R&R that Tellez has not demonstrated ineffective assistance. (Doc. 22 at 15-17). Cause is established for ineffective assistance of PCR counsel "where (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law *requires* that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'" *See Trevino*, 569 U.S. at 423 (citing *Martinez v. Ryan*, 566 U.S. 1, 14 (2012)) (emphasis in original).

The R&R recommends the Court find Tellez has not demonstrated ineffective assistance because his conclusory assertion that trial counsel was ineffective is not the type of evidence needed to establish cause. (Doc. 22 at 17). The Court agrees. In particular, the Court finds Tellez has failed to show "counsel's representation fell below an objective standard of reasonableness." *See Strickland v. Washington*, 466 U.S. 668, 699 (1984). Tellez has not shown that, on the facts available to his lawyer at the time, it was unreasonable for the lawyer to pursue a self-defense theory. Actions that "might be considered sound trial strategy," such as the choice to argue self-defense, do not constitute ineffective assistance. *See id.* at 689 (citation omitted).

**II.      Grounds Two and Three are Procedurally Defaulted**

The second and third grounds for relief in the amended petition argue Tellez's constitutional rights were violated because there was insufficient evidence to support his conviction. (Doc. 10 at 23-30). The exact contours of Tellez's arguments are difficult to discern from the narrative provided in the amended petition. However, the thrust of grounds two and three appear to be, first, that Tellez believes any evidence associated with the second degree murder charge for which he was acquitted should not have been considered by the jury and, second, that it was in error for the jury to find the attempted assault charges were "dangerous" because a weapon was not introduced into evidence. (Doc. 10 at 23, 27).

The R&R correctly notes that Tellez did not raise grounds two or three before the Arizona courts on either direct or collateral review, and that he has not demonstrated cause for the procedural default. (Doc. 22 at 12). Accordingly, these grounds are barred.

### III. Ground Four is Barred by an Independent and Adequate Ground

In ground four, Tellez contends the indictment against him violated the Fifth Amendment's Double Jeopardy Clause (as well as the Fourth, Sixth, and Fourteenth Amendments), because it charged him with multiple offenses for a single act for which he was partially acquitted. (Doc. 10 at 31-36). Tellez presented this ground in his PCR petition and it was addressed by the trial court. (Doc. 19-2 at 28, 97-98). The PCR court found this claim precluded by Arizona Rule of Criminal Procedure 32.2(a)(3) "because the issue was not raised by Defendant's counsel at sentencing, after sentencing, or on direct appeal and the Court of Appeals conducted an independent review of the records and found no fundamental error." (Doc. 19-2 at 98). The court separately found the sentence lawful under both Arizona law and the U.S. Constitution. (Doc. 19-2 at 98).

The U.S. Supreme Court has held Arizona Rule of Criminal Procedure 32.2(a)(3) constitutes an adequate and independent state ground for denying review. *See Stewart v. Smith*, 536 US. 856, 861 (2002). As the R&R notes, the fact that the trial court also considered the merits of Tellez's claim does not preclude the application of the adequate

and independent ground doctrine from barring review of Tellez's claim.  (Doc. 22 at 13 n.1) (citing *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)) (other citations omitted).  The Court therefore will not reach the merits of ground four.

## IV.  Ground Five is Procedurally Defaulted

In ground five, Tellez argues his constitutional rights were violated because his counsel failed to investigate and object to DNA evidence used against him.  (Doc. 10 at 37).  The R&R correctly notes Tellez did not raise this claim on appeal or in his state PCR proceedings.  (Doc. 22 at 12).  As with grounds one through three, he has not demonstrated cause, prejudice, or actual innocence to excuse the procedural default.

## V.  Ground Six is Partially Defaulted and Otherwise Without Merit

Ground six pursues two theories, one of which was fairly presented to the state courts and one that was not.  First, Tellez argues his trial counsel's decision to pursue a justification defense resulted in the loss of tampered exculpatory evidence.  (Doc. 10 at 46).  The R&R correctly points out this theory was not presented to the state courts and is defaulted because Tellez has not shown cause, prejudice, or actual innocence to excuse the procedural default.  (Doc. 22 at 12).  Second, Tellez alleges the identification procedures used by the police to identify him as the suspect were unconstitutionally suggestive.  (Doc. 10 at 46-49).  This second claim was presented to and rejected by the Arizona Court of Appeals on direct review.  *See Tellez*, 2018 WL 4374620, at *3.  Although not defaulted, it is without merit.

When Tellez raised an unlawful-identification-procedures claim on direct appeal, the Arizona Court of Appeals held that, even if there was an error, "the error was harmless because two other witnesses identified Tellez and uncontroverted DNA evidence connected Tellez to the scene."  *Id.* (citing *State v. Richardson*, 18 Ariz. App. 329, 331 (1972) (finding harmless error based on other evidence identifying the defendant, despite allegedly defective line-up procedures)).

A pretrial identification procedure is unconstitutional if it is so "impermissibly

suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). "This involves a three-part inquiry." *United States v. Carr*, 761 F.3d 1068, 1073 (9th Cir. 2014). First, the Court determines whether the identification procedure was "impermissibly suggestive." *Id.* at 1073-74. "Second, if the identification procedure was unduly suggestive, the court must determine whether it was sufficiently reliable such that it does not implicate the defendant's due process rights." *Id.* at 1074. Finally, if the procedure was both too suggestive and unreliable, the Court determines whether non-exclusion of the identification should be excused because the error was harmless. *Id.*

Tellez argues a photographic line-up used by the police to identify him was unconstitutional because it was not supported by a search warrant and because the identification allegedly resulted from "coercion and misconduct."[3] (Doc. 10 at 46-48). Tellez's first argument is incorrect because lineups are not "searches" within the meaning of the Fourth Amendment and do not require search warrants.[4] With regard to the latter argument, Tellez has identified no evidence supporting his allegations regarding coercion of witnesses or misconduct. His conclusory claim that the witnesses against him were "all untrustworthy, unreliable, and were all impeached" is similarly without support from the record. (Doc. 10 at 47).

Like the R&R, the Court is unable to "conclude that the state court's rejection of Petitioner's improperly-suggestive identification claim was contrary to, or an unreasonable application of, federal law, or based on an unreasonable determination of the fact." (Doc.

---

[3] Tellez also alleges the "prosecutor held illegal meetings in public stores with witnesses without the defendants attorney being present." (Doc. 10 at 48). It is not clear whether this unsupported allegation is related to the allegedly unlawful photographic identification.
[4] The Supreme Court has held a search occurs when the government intrudes upon something an individual seeks to keep private in a way "society is prepared to recognize as reasonable." *See Carpenter v. United States*, 138 S.Ct. 2206, 2213 (2018). A photographic lineup did not intrude on something Tellez sought to keep private, or that society would consider reasonable. Indeed, the Supreme Court has recognized that "initial identification by photograph . . . has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending officers and of sparing innocents the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs." *Simmons*, 390 U.S. at 384.

22 at 19). It will be denied.

### VI. Ground Seven is Procedurally Defaulted

In the final ground, Tellez argues his constitutional rights were violated for several reasons. First, he claims Phoenix Police violated his rights by arresting him at his home in Avondale, outside of their jurisdiction. (Doc. 10 at 52). Second, he claims he was arrested without a warrant. (Doc. 10 at 52). Third, he claims he was interrogated without being read his *Miranda* rights. (Doc. 10 at 52). Fourth, he claims he was denied counsel despite requesting representation. (Doc. 10 at 52).

The R&R correctly notes that Tellez raised none of these theories before the state courts. (Doc. 22 at 12). Tellez has not identified cause or prejudice for the default, and has not established actual innocence within the meaning of *Schlup*. The Court therefore finds ground seven is procedurally defaulted.

### CONCLUSION

For the foregoing reasons, the R&R (Doc. 22) will be adopted in full and Petitioner Joseph Albert Tellez, Jr.'s Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 will be denied. (Doc. 10). Because jurists of reason would not consider this ruling debatable, a certificate of appealability will not be granted.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 22) is **ADOPTED**. The Amended Petition for Writ of Habeas Corpus (Doc. 10) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because jurists of reason would not find this ruling debatable.

…

…

…

…

**IT IS FURTHER ORDERED** the Clerk of Court is directed to enter judgment against Petitioner Joseph Albert Tellez, Jr. and terminate this matter.

Dated this 10th day of May, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge